Contracts; Wunderlich Act review; specifications; information to bidders; visual match test. — Plaintiff seeks review under Wunderlich Act standards of a decision of the General Services Administration Board of Contract Appeals denying plaintiffs claim for an equitáble adjustment compensating it for the additional cost of a metal treatment process that it did not anticipate having to perform when it entered into a contract with the Small Business Administration to manufacture contemporary style, satin chrome plated, steel office chairs for the General Services Administration. The applicable contract specifications called for the basis metal to be subjected to such polishing as necessary to produce a visual match with the GSA standard sample. After plaintiffs submission of a pre-production sample chair was rejected, plaintiff first realized that in order to achieve an acceptable match an additional step, called leaing, was necessary in the process used by its plating subcontractor. That step entailed additional expense. Plaintiff asserts that the contract specifications were defective in failing to inform a bidder that the nickel-chrome plating process could only achieve a visual match with the GSA standard sample if the additional step of leaing were performed. Plaintiff urges that the omission of reference to leaing breached the Government’s obligation to disclose essential information. On December 6, 1979 Trial Judge *618 George Willi filed a recommended opinion (reported in full at 28 CCF para. 81,057) concluding that plaintiff is not entitled to an equitable adjustment since plaintiff reasonably should have known that leaing would be necessary. Specifically, plaintiff was alerted by the specifications that polishing might be required to achieve the desired finish, and in the trade, leaing meant polishing. In addition, the quotation plantiff received from one of the plating concerns from which it solicited subcontract proposals informed plaintiff that leaing would be necessary. On January 30, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.